UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Ashland)

| | |
|---|---|
| FRANKLIN H. HAGER, | ) |
| Plaintiff, | ) Civil Action No. 0: 22-004-DCR |
| V. | ) |
| GORDON J. DILL, JR., | ) **MEMORANDUM OPINION** |
| Defendant. | ) **AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Franklin Hager and Defendant Gordon Dill were involved in a car accident on July 29, 2017. The plaintiff filed suit in state court two years later, on July 29, 2019. The defendant subsequently removed the matter to this Court on January 13, 2022. The defendant has now filed a motion for summary judgment, contending that this action is barred by the statute of limitations because the plaintiff abandoned his original efforts to serve him with a valid summons in good faith.

Because the plaintiff has failed to timely commence this action within the applicable statute of limitations, the Court will grant the motion.

**I.**

The parties were involved in a car accident on July 29, 2017, on Interstate 64 in Boyd County, Kentucky. [Record No. 16-7] The plaintiff was allegedly injured when he was struck from behind by the defendant. Two years after the accident, the plaintiff filed suit in the Boyd Circuit Court on July 29, 2019, asserting that the defendant acted negligently when he collided with him. The initial summons was issued on that same date, but it was sent to the defendant's

former address. [Record No. 16-4] The plaintiff used the address contained in the police report. However, the defendant moved nine months after the accident, and the defendant no longer resided at the address listed in the report. [Record No. 16-8]  As a result, the initial summons was returned unserved on August 15, 2019. [Record No. 16-5]  Five months later, the plaintiff attempted to personally serve the defendant at a hearing in an unrelated matter in the Pike County District Court.  [Record No. 16-6, 16-7] However, the defendant did not attend the hearing, and the plaintiff could not complete service.  The plaintiff did not take any further action to complete service.

More than a year later, on February 12, 2021, the defendant made a special appearance in state court seeking to dismiss the plaintiff's complaint.  The state court dismissed the action on February 26, 2021.  That same day, the plaintiff filed a motion for an additional 14 days to respond to the motion to dismiss; however, that motion was denied.  Then, on March 8, 2021, the plaintiff moved to alter, amend, or vacate the prior dismissal order.  The state court set aside the dismissal order on December 10, 2021.  Thereafter, the plaintiff tendered a summons and complaint through the state e-filing system on December 20, 2021.  The summons was executed eight days later.  [Record No. 1-4]

The defendant removed this matter to this Court on January 13, 2022.  [Record No. 1] He has now filed a motion for summary judgment, asserting that the plaintiff "abandoned his original efforts to serve the defendant with a valid summons, and thereafter failed to proceed in good faith to reissue and serve the summons for more than a year," meaning that it is barred by the statute of limitations.  [Record No. 16]  However, the plaintiff argues that the Court should exercise its inherent equity jurisdiction and deny the motion.  [Record No.  17]  He

contends that the defendant did not suffer any harm or prejudice as a result of the previous counsel's delay in obtaining service.

## II.

Entry of summary judgment is appropriate if there are no genuine disputes regarding any material facts and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002). The determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). In deciding whether to grant summary judgment, the Court views all the facts and inferences drawn from the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co.*, 475 U.S. at 58.

## III.

The Kentucky Motor Vehicle Reparations Act provides a two-year statute of limitations for actions arising from a motor vehicle accident. *Interlock Indus., Inc. v. Rawlings*, 358 S.W.3d 925, 927-28 (Ky. 2011); Ky. Rev. Stat. § 304.39-230(1). Additionally, Kentucky Revised Statutes § 413.250 states that "[a]n action shall be deemed to commence on the date of the first summons or process issued in good faith from the court having jurisdiction of the cause of action." Good faith "require[s] a contemporaneous intention on the part of the initiating party to diligently attend to the service of the summons." *Isaacs v. Caldwell*, 530 S.W.3d 449, 456 (Ky. 2017). Stated another way, "the cause of action is not commenced until there is a bona fide intention to have the summons filled out and signed by the clerk, accompanied by bona fide, unequivocal intention to have it served or proceeded on

presently or in due course or without abandonment." *Louisville & N.R. Co. v. Little*, 264 Ky. 579, 95 S.W.2d 253, 255 (Ky. 1936). "The taking out of summons is presumptive evidence of an intention to have it served in due course, but that presumption may be rebutted by the facts." *Id.*

The defendant relies on the holding in *Wilson v. Butzin* in arguing that the plaintiff's complaint should be dismissed because he abandoned any good faith attempt to complete service, meaning his action was not commenced within the statute of limitations period. No. 5:20-178-DCR, 2020 U.S. Dist. LEXIS 148965 (E.D. Ky. Aug. 18, 2020), *aff'd in Wilson v. Butzin*, 854 F. App'x 682 (6th Cir. 2021). In *Wilson*, this Court concluded that the plaintiff's action was not commenced within the applicable two-year statute of limitations and granted summary judgment in favor of the defendant. The plaintiff filed suit in state court almost two years after a motor vehicle accident. *Id.* at *1. The plaintiff immediately attempted to serve the defendant by certified mail at an address in Lexington, Kentucky on December 15, 2017, but the address was the defendant's former address, and the summons and complaint were returned as undeliverable. *Id.* at *2. Eighteen months later, on June 4, 2019, a second summons was issued, and the plaintiff attempted to serve the defendant again at the Lexington address. *Id.* at *2-3. A deputy sheriff indicated that the defendant did not live at the address. *Id.* at *3. Thereafter, the plaintiff attempted to serve the defendant on March 19, 2020, at an address in Clark County, but the summons was returned unexecuted. *Id*. The defendant was finally served in Indiana on April 23, 2020. *Id*. This Court concluded that, while the plaintiff filed his complaint within the applicable statute of limitations period, he did not properly commence the action within that time frame because he abandoned any good-faith effort to properly serve the defendant.

The Sixth Circuit affirmed this Court's decision. *Wilson*, 854 F. App'x at 682. It explained that, while the plaintiff started with a good-faith attempt at service, after the summons was returned unexecuted, the plaintiff abandoned his efforts because he waited more than seventeen months to re-initiate service. *Id*. at 686. The court specifically noted that "[i]nadvertently sending an initial summons to an incorrect address o[f] defendant might well satisfy this good-faith standard when the plaintiff promptly corrects the error upon learning of the mistake." *Id*. Both this Court and the Sixth Circuit relied on *Louisville & N.R. Co. v. Little* in concluding that the claims were barred by the statute of limitations. In *Little*, the plaintiff obtained a summons within the statute of limitations but did not serve the defendant until nearly thirteen months later. 95 S.W.2d at 254. The court concluded that the thirteen-month delay demonstrated a lack of good faith and the plaintiff's claims were barred by the statute of limitations. *Id*. at 255.

Similar to *Wilson*, the plaintiff in the present case promptly sought issuance of a summons. However, the summons was sent to the wrong address and returned unexecuted. Thereafter, the plaintiff did not make any prompt attempt at re-initiating service. Instead, he then waited five additional months to attempt to serve the defendant, which also was unsuccessful. After the second attempt failed, the plaintiff did not take any further action until after the defendant made a special appearance in the state proceeding. And as the defendant points out, his correct address was listed on the online docket sheet for the case in which the plaintiff attempted to personally serve the defendant during the state hearing. It took the plaintiff approximately seventeen months before he finally served the defendant – and this period included a five-month delay between the first and second attempts and a twelve-month delay between his second attempt and the defendant entering a special appearance in the

matter. *See Rucker's Administrator v. Roadway Express, Inc.*, 279 Ky. 707 (Ky. 1939) (explaining a six-week delay was "perilously near to barring [the] client's right of action"). In line with the previous cases on this issue, the seventeen-month delay between filing the action and actually serving the defendant demonstrates a lack of good faith by the plaintiff. Accordingly, the Court concludes that the plaintiff did not commence the action within the applicable statute of limitations period.

The plaintiff does not address the arguments made by the defendant in his response to the motion. Instead, he merely argues that any failed attempts at service fall on prior counsel and that the defendant has not suffered any harm or prejudice as a result of his prior counsel's "delay in obtaining service." The plaintiff asks that the Court use its "inherent equity jurisdiction" to deny the motion for summary judgment. The defendant counters that the plaintiff has not established the elements of equitable tolling and that he has suffered harm and prejudice by the three-year pendency of this lawsuit. The plaintiff's arguments do not negate the fact that more than seventeen months elapsed between the time the plaintiff initiated the action and properly serving the defendant, which clearly demonstrates a lack of good faith on the part of the plaintiff. Accordingly, it is hereby

**ORDERED** that Defendant Gordon Dill's motion for summary judgment [Record No. 16] is **GRANTED**.

Dated: August 10, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky